IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| HARRY VILLE TALERMO, ) | Case No. 11-20806 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| GARY A. BARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 11-2033 |
| ) | |
| HARRY VILLE TALERMO, ) | |
| ) | |
| Defendant. ) | |

FILED

10:26 am, 9/25/12

Tim J. Ellis
Clerk of Court

**OPINION ON COMPLAINT**

On September 18, 2012, this matter came before the court for trial on the Complaint for Delivery or Turnover of Property filed by Gary Barney, the chapter 7 trustee ("Plaintiff") and the answer filed by Harry Talermo ("Defendant"). Upon a review of the record, testimony and evidence, the court is prepared to rule.

**Jurisdiction**

This court has jurisdiction over this adversary complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding under §157(b)(2)(E). The complaint is brought pursuant to 11 U.S.C. §542.[1]

**Facts**

Defendant received a cashier's check in the amount of $140,000.00 on or about April

---

[1] Unless otherwise indicated, all future statutory reference are to the Bankruptcy Code, Title 11 of the United States Code.

15, 2009 which were proceeds from a divorce settlement. After Wells Fargo obtained a judgment against the Defendant and got a writ of garnishment, he deposited the cashier's check into his son's bank account on April 4, 2011 so that Wells Fargo could not get the funds. Defendant testified that he was authorized to sign on his son's account.

On that same day, Defendant withdrew $50,000.00 from the account. On the following day, April 5, 2011, he withdrew the balance of $90,000.00. According to the Defendant, he kept the cash in a drawer at his home.

On or about April 15, 2011, the Defendant testified that he gave the cash to his mother in repayment of part of the debt he has incurred with her beginning in 1975. His mother returned to Finland not long after the funds were given to her. He does not know what she did with the $140,000.00.

On July 25, 2011, Defendant filed for chapter 7 bankruptcy protection. Defendant admits he did not initially disclose the deposit or withdrawals on his bankruptcy petition or schedules. Nor did he list his mother as a debtor. He testified that he disclosed the transactions at the §341 meeting of creditors and subsequently amended his schedules on December 23, 2011.

## Discussion

Plaintiff alleges that the $140,000.00 is property of the estate and Defendant should be ordered to turn over the asset to the estate to administer.

Section 542 requires anyone holding property of the estate, on the date of filing of the petition, to deliver that property to the trustee, unless the property is of inconsequential value to the estate. A trustee may not compel turnover of property of the estate unless the

Page 2

entity against whom the trustee seeks turnover is in possession of the property sought, or its proceeds, at the time the motion for turnover is filed.[2]

The court finds that, based upon Defendant's testimony, he was not in possession of the funds sought on the day that he filed his bankruptcy petition. Nor was Defendant in possession of the funds on the day that Plaintiff filed this adversary proceeding. According to the Defendant's testimony, the funds were given to his mother prior to both of these actions.

Therefore, the court concludes that the Plaintiff may not compel turnover from the Defendant of the $140,000.00 as the Defendant did not have possession of the funds.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 25 day of September, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Watkins
    Barney
    McCartney

---

[2] *In re Henson*, 449 B.R. 109 (Dist. Nev. 2011).

Page 3